■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND ARGRO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL MCKINLEY CAIN, Appellant.— Appeals from judgments of the County Court of Broome County, rendered July 30, 1973 and August 16, 1973, upon verdicts convicting defendants of the crime of criminal possession of a dangerous drug in the fourth degree. On the evening of June 21, 1972, an automobile owned and driven by defendant Cain and in which defendant Argro was a passenger was stopped by the police in the City of Binghamton. A search of the car ensued, revealing two paper bags hidden under the front seat, each containing five separate packets of glassine envelopes filled with a white powder. Each packet contained 15 such envelopes, except for one packet which contained only 13 and, thus, there was a total of 148 envelopes which were delivered to Stuart James, a toxicologist, for an analysis of their contents. Taking one envelope at random from each of the 10 packets, James determined that the white powder therein was heroin and that the average weight of the contents of the envelopes was 63 milligrams. He then multiplied the total number of envelopes (148) by this average weight and arrived at a figure of 9.3 grams or .33 ounce, which he concluded was the amount of heroin in the two bags found in the car. Apparently accepting this analysis, the jury convicted defendants as noted above. On appeal, defendants argue that the method by which the toxicologist determined the total amount of heroin present was unacceptable, and, hence, the prosecution failed to prove defendants guilty beyond a reasonable doubt. We disagree. Pursuant to the relevant statute (Penal Law, § 220.15, subd. 2, par. [b], cl. [i] [repealed by L. 1973, ch. 276, § 18, eff. Sept. 1, 1973]),

the prosecution need only have established the possession of at least one eighth of an ounce of " one or more preparations, compounds, mixtures or substances " containing " any of the respective alkaloids or salts of heroin ". Here, direct proof that each of 10 randomly selected envelopes contained heroin and that their average weight was 63 milligrams was provided by the analysis of the toxicologist, and neither his qualifications, experience or credibility, nor the accuracy or integrity of his test results were questioned at trial. Accordingly, we cannot say on this record that the jury was unwarranted in concluding that the contents of all 148 envelopes satisfied the statutory requirement or that the circumstantial evidence presented was insufficient to support the resultant convictions (cf. *People* v. *Leonard,* 8 N Y 2d 60; *People* v. *Harris,* 306 N. Y. 345). We have examined defendants' remaining contention that excessive cross-examination denied them a fair trial, and find it to be without merit. Judgments affirmed. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.